VALENTINE PEROFF, JR., FRANK FELIX, JR., doing business as V.P. & F.F. JR.; SCDC ALAHAO, LLC; KEHA INVESTMENTS, LLC; CTC NIMITZ, LLC; ALAHAO INDUSTRIAL INVESTORS, LLC; KAINOA DEVELOPMENT, LLC; GRP KEHA, LLC, Plaintiffs-Appellees,
v.
UNITED RIM TRANSPORT, INC., Defendant-Appellant.
No. 27863
Intermediate Court of Appeals of Hawaii.
March 13, 2009.
On the briefs:
Beverly Lynne K. Hiramatsu and Bradford F.K. Bliss, (Lyons, Brandt, Cook, & Hiramatsu), Peter C. Hsieh, and Richard A. Yanagi, for Defendant-Appellant.
Lyle S. Hosoda, Raina P.B. Mead, Christopher T. Chun, Chenise S. Kanemoto, for Plaintiffs-Appellees.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., FUJISE and LEONARD, JJ.
In this summary possession action, Defendant-Appellant United Rim Transport, Inc. (Lessee or URT) appeals from the February 22, 2006 judgment entered by the District Court of the First Circuit, Honolulu Division (district court).[1] Plaintiffs-Appellees Valentine Peroff, Jr. and Frank Felix, Jr., doing business as V.P. & F.F. Jr.; SCDC Alahao, LLC; Keha Investments, LLC; Alahao Industrial Investors, LLC; Kainoa Development, LLC; and GRP KEHA, LLC (collectively Lessor) were the owners at different points during URT's tenancy.[2]
URT challenges six findings of fact and seven conclusions of law issued by the district court on February 3, 2006. These findings and conclusions are related to three issues: (1) whether Lessor gave adequate notice of the intent to terminate the Lease and institute these summary possession proceedings; (2) whether URT was authorized, under the Lease, to effect repairs to the refrigeration and freezer units installed in the warehouse and to withhold rent by way of reimbursement; and (3) whether Lessor was authorized to terminate the Lease for a failure to pay rent for the yard.
After a careful review of the record, the issues raised and the applicable authority, we resolve URT's points as follows:
1. We need not reach URT's argument and its challenge of finding of fact number 26 and conclusion of law number 11 that valid notice was given. The Lease did not require notice of intent to terminate in Special Condition Paragraph 11. In any event, notwithstanding any alleged failure to comply with specific notice provisions, Lessor informed URT of its intent to terminate the Lease. The purpose of notice is "to inform the party notified, and if the information is obtained, in any way other than formal notice, the object of notice is attained." Vole, Inc. v. Georgacopoulos, 181 Ill. App. 3d 1012, 1019, 538 N.E.2d 205, 210 (Ill. App. Ct. 1989).
2. The district court did not clearly err in its findings of fact numbers 17, 19, and 20. There was sufficient evidence in the record to support the district court's finding that Lessor did not consent to URT's offset of the cost of repairs against the warehouse rents due to Lessor. The district court also did not err, in conclusion of law number 2, that Section 9.03 of the Lease did not require Lessor to maintain or repair the refrigerator unit.
The enforceability of any further agreement to maintain or repair the refrigeration unit is not before this court on appeal and Section 9.03 of the Lease does not require that Lessor maintain the refrigeration unit. Conclusion of law number 3 is erroneous. While not applicable in this case, Lease Section 9.03 allows for reductions in rents for certain emergency repairs, if not paid for by Lessor on demand. Notwithstanding any equitable claim URT may have to deduct the cost of repairs against amounts determined to be due to Lessor as unpaid rent, URT had no contractual right to offset against rent. This mixed finding of law and fact denominated as conclusion of law number 6 was not clearly erroneous.
3. The district court did not clearly err when it found, in finding of fact number 24, that the parties did not reach an agreement on rent for the yard space and either party could terminate the lease as a result. Lease, Special Condition Paragraph 11. Similarly, the district court's mixed finding of law and fact, designated as conclusion of law number 7, was not clearly erroneous.
Therefore
IT IS HEREBY ORDERED that the District Court of the First Circuit's Judgment of Possession entered on February 22, 2006 is hereby affirmed.
NOTES
[1] The Honorable Judge Faye M. Koyanagi presided.
[2] Plaintiffs-Appellees Valentine Peroff, Jr. and Frank Felix, Jr., dba V.P. & F.F. Jr., are the lessors named in the lease. The remaining Plaintiffs-Appellees purchased the property in February of 2005.